UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Index No. 07-cv-00032(JS)(WDW)
ILSA MACHINE CORP. d/b/a                          )
COLUMBIA DRY CLEANING                             )
MACHINES,                                         )
                                                  )
                     Plaintiff,        )
                                                  )   **Declaration of Steven A. Morelli**
   -against-                                     )
                                                  )
SATEC (U.S.A.), LLC,                              )
CLEANERS FAMILY, and ABRAHAM                      )
CHO, Individually and in His Official             )
Capacity, ESTHER CHO, Individually                )
and in Her Official Capacity, and JC              )
CHOI, Individually and in His                     )
Official Capacity,                                )
                                                  )
                     Defendants.       )
------------------------------------------------------------X

      **STEVEN A. MORELLI**, an attorney duly admitted to practice law in the Eastern District of New York, declares the following to be true under penalty of perjury:

1. I am the named attorney at The Law Office of Steven A. Morelli, P.C., attorneys of record for the Plaintiff in the above captioned matter, and as such I am fully familiar with the facts and circumstances herein by virtue of the file maintained by this office.

2. I submit this Declaration in response to the Court's order to show cause why summary judgment should not be granted to the Defendants due to Plaintiff's late filing of its Rule 56.1 counter-statement, and in support of Plaintiff's motion for leave to file an amended

-1-

Rule 56.1 counter-statement and to set a briefing schedule with respect to Defendants' anticipated motion for summary judgment.

3. Annexed hereto as Exhibit 1 is a copy of the Court's order dated March 31, 2008 granting in part and denying in part Defendants' motion to dismiss and granting Plaintiff's cross-motion for leave to amend its pleadings.

4. Annexed hereto as Exhibit 2 is a copy of Plaintiff's Amended Complaint with exhibits A & B and the verification of Stephen Langiulli, Executive Vice President of the Plaintiff.

5. Annexed hereto as Exhibit 3 is a copy of the Court's order dated April 29, 2008 scheduling an initial conference in this matter.

6. Annexed hereto as Exhibit 4 is a copy of an Affidavit of Service of Sylvia Sweet dated May 28, 2008 relating to Plaintiff's mandatory disclosures.

7. Annexed hereto as Exhibit 5 is a copy of correspondence sent from Plaintiff's counsel to Defendant's counsel dated July 30, 2008 demanding that Defendants provide their mandatory disclosures, as they were past due as of the date of the correspondence.

8. Annexed hereto as Exhibit 6 is a copy of correspondence from Defendants' counsel to Plaintiff's counsel dated September 18, 2008 enclosing Defendants' overdue mandatory

disclosures.

9. Annexed hereto as Exhibit 7 is a copy of the Affidavit of Service of Dana Schnall dated October 8, 2008 relating to certain of Plaintiff's notices of deposition and Plaintiff's first combined requests for discovery directed separately to Defendant Satec and Defendant Cleaners Family.

10. Annexed hereto as Exhibit 8 is a copy of correspondence from Plaintiff's counsel to Defendants' counsel dated October 21, 2008 enclosing a notice of deposition for non-party witness Jung Chull ("J.C.") Choe.

11. Annexed hereto as Exhibit 9 is a copy of correspondence from Plaintiff's counsel to Defendants' counsel dated December 12, 2008, which, among other things, demands responses to Plaintiff's combined demands for discovery, which were served on October 8, 2008.

12. Annexed hereto as Exhibit 10 is a copy of Defendant Cleaners Family's response to Plaintiff's combined discovery demands, which is dated December 16, 2008.

13. Annexed hereto as Exhibit 11 is a copy of correspondence from Plaintiff's counsel to Defendants' counsel dated December 19, 2008 outlining a number of deficiencies in Cleaners Family's responses to Plaintiff's discovery demands, and demanding a response

to the discovery demands served upon Defendant Satec on October 8, 2008.

14. Annexed hereto as Exhibit 12 is a copy of the Court's order dated May 8, 2009 on Plaintiff's motion to compel answers to certain questions asked of J.C. Choe during his December 17, 2008 deposition and imposing monetary sanctions on Defendants for improperly objecting to said questions during the deposition.

15. Annexed hereto as Exhibit 13 is a copy of Defendant Satec's response to Plaintiff's October 8, 2008 discovery demands, which is dated April 17, 2009.

16. Annexed hereto as Exhibit 14 is a copy of correspondence from Plaintiff's counsel to Defendants' counsel dated April 28, 2009 demanding a response to Plaintiff's letter of December 19, 2008 outlining deficiencies in the responses to discovery demands submitted by Cleaners Family.

17. Annexed hereto as Exhibit 15 is a copy of correspondence from Defendants' counsel to Plaintiff's counsel dated April 30, 2009 responding to Plaintiff's December 19, 2008 letter relating to discovery deficiencies.

18. Annexed hereto as Exhibit 16 is a copy of Plaintiff's response to Defendants' letter motion, dated April 30, 2009, to compel the production of Plaintiff for a deposition.

19. Annexed hereto as Exhibit 17 is a copy of Plaintiff's letter motion dated May 19, 2009 to compel the production of Defendant Satec for a deposition.

20. Annexed hereto as Exhibit 18 is a copy of correspondence from Plaintiff's counsel to Defendants' counsel dated May 29, 2009, again attempting to schedule Defendant Satec's deposition.

21. Annexed hereto as Exhibit 19 is a copy of Defendants' Rule 56.1 statement of facts along with an accompanying cover letter from Defendants' counsel dated June 19, 2009.

22. Annexed hereto as Exhibit 20 is a copy of correspondence from Plaintiff's counsel to Defendants' counsel dated July 2, 2009 enclosing the deposition transcript of J.C. Choe for review and execution.

23. Annexed hereto as Exhibit 21 is a copy of correspondence from Plaintiff's counsel to Plaintiff dated July 2, 2009 enclosing Plaintiff's deposition transcript for review and execution.

24. Annexed hereto as Exhibit 22 is a copy of Defendants' letter request for a pre-motion conference with respect to its anticipated motion for summary judgment, which is dated July 27, 2009.

25. Annexed hereto as Exhibit 23 is a copy of the Court's Calendar Notice dated September 2, 2009, directing the parties to appear for a pre-motion conference on September 24, 2009.

26. Annexed hereto as Exhibit 24 is a copy of Plaintiff's response to Defendants' pre-motion conference letter and, as Exhibit A thereto, a copy of Plaintiff's Rule 56.1 counter-statement.

27. Annexed hereto as Exhibit 25 is a copy of Plaintiff's Exhibits 1 and 3, which were marked for identification at the deposition of Jung Chull Choe on December 17, 2008.

28. Annexed hereto as Exhibit 26 is a copy of the Declaration of Jung Chull Choe dated April 25, 2007, which was marked for identification as Plaintiff's Exhibit 8 at the deposition of Jung Chull Choe on December 17, 2008.

29. Annexed hereto as Exhibit 27 is a copy of excerpts of the transcript of the December 17, 2008 deposition of Jung Chull Choe and the continued deposition of Jung Chull Choe on May 19, 2009.

30. Annexed hereto as Exhibit 28 is a copy of two checks written by "Satec U.S.A. LLC dba Cleaners Family" dated January 5, 2006 and January 9, 2006, respectively.

31. Annexed hereto is a copy of the Declaration of Elaine Sammon dated October 8, 2009 in further support of the instant application.

32. For the reasons set forth in the accompanying Memorandum of Law, the Court should not grant Defendants summary judgment without first hearing this case on the merits.

33. Further, the Court should grant Plaintiff leave to file an amended Rule 56.1 counter-statement of facts (and order Defendants to return the original deposition transcripts of Satec and J.C. Choe for that purpose) and then set a briefing schedule with respect to Defendants' anticipated motion for summary judgment, or schedule a second pre-motion conference for that purpose.

34. To the extent the accompanying Memorandum of Law contains assertions of fact that are not set forth in the accompanying exhibits, I affirm the truth of those assertions.

35. I declare under penalty of perjury that the foregoing is true and correct.

**WHEREFORE**, it is respectfully requested that the Court issue an Order: (1) declining to enter summary judgment in favor of the Defendants without first hearing the case on the merits; (2) granting Plaintiff's cross-motion to file an amended Rule 56.1 counter-statement; (3) granting Plaintiff's request to set a briefing schedule with respect to Defendants' anticipated motion for summary judgment; and, (4) granting Plaintiff such other and further relief that to the

Court seems just and proper.

Dated: Carle Place, New York
       October 8, 2009

                                            /s/
                                   Steven A. Morelli (SM 4721)